Opinion of the Court.
THIS is an ejectment. And after the appellant had given in evidence, a patent to his ancestor, shewn that the tenants resided within it, and established the fact of his being heir at law ; the appellee gave in evidence a patent to the heirs of John Larue, of junior date, and proved that it covered the same land. He next adduced a deed of conveyance from the heirs of Larue to a certain John M’Endre. This deed is dated on the 23d of August 1811, and on the 15th of August 1812, was acknowledged before the clerk of the county court of Hardin county, and on the 8th of October following, produced before, and recorded by the clerk of Henry county, where the land lies. The appellant objected to reading this deed as a recorded instrument, because it was not acknowledged till after eight months had elapsed from its date. The court overruled this objection and admitted the deed.
1. This decision cannot be sustained. It was decided by this court in the case of M’Connell vs. Ringo and als. Fall Term, 1821, that a deed thus acknowledged, after the time allowed by law had expired, was not good as a recorded instrument, even from the date of its acknowledgment. That case, being point, is conclusive in this.
2. The appellee appears to have rested his defence on the act limitations, barring suits of this character in seven years, and for that purpose gave evidence conducing to shew a connected title in equity from the junior patentee. On the contrary, the lessor of the plaintiff gave evidence conducing to shew that the appellee was his tenant, under a parol contract leasing to him the land. On these different aspects of the case the court below gave instructions in favor of the appelIee, which were excepted to. After a verdict for the ap pellee, the appellant moved for a new trial, because the verdict was contrary to the law and evidence in the case, and because the court had misdirected the jury. The court overruled the motion and tire evidence was spread upon the record by an exception. We have not thought it necessary, to travel into an investigation of the instructions given to the jury ; for the evidence presents a case, on which the instructions can have no material bearing. For admitting the appellee to have been a possessor under an adverse pa *173 tent, and that a regular chain of title in law or equity extended to him from the patentee, under which he had held the possession for seven years before this action brought, yet according to the construction given to that statute heretofore by this court, possession alone without residence, or without settlement and occupancy, cannot sustain the bar. The statute does not save the adverse possessor, who may be possessed and not have made an actual settlement upon the land ; but a possession of this latter character alone is protected. According to this construction of the statute, the verdict in this case cannot be sustained. There is proof of clearing or improving and cultivating the soil, but no actual settlement or residence is shewn, during the whole seven years, next preceding the commencement of this action. On the contrary, this cultivation of the soil or use of the land, was interrupted for several years, part of the seven, and no body used the land, except that the appellees kept up a continual claim there. Give the appellee then the full force of his evidence, and he has failed to shew himself entitled, in any shape, to the protection afforded by the statute. The court below, therefore, erred in supporting the bar attempted by the appellee and in not granting a new trial.
The judgment must be reversed with costs, and the verdict set aside, with directions for new proceedings, not inconsistent with this opinion.